The Honorable_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE TOPLINE CORPORATION, a Washington Corporation, | ) ) Civil Action No. _____ |
| Plaintiff, | ) ) COMPLAINT FOR WILLFUL |
| v. | ) TRADEMARK INFRINGEMENT, ) UNFAIR COMPETITION AND ) UNFAIR BUSINESS PRACTICES |
| ROCKY BRANDS WHOLESALE LLC, a Delaware limited liability company; ROCKY BRANDS, INC., an Ohio corporation; CHUCK'S BOOTS, INC., a Missouri corporation; DRYSDALES INC., an Oklahoma corporation; PRESTON'S WESTERN WEAR, an Alabama corporation; COWBOY KICKS, an Alabama company; and LEHIGH OUTFITTERS, LLC, a Delaware limited liability company. | ) ) **DEMAND FOR JURY TRIAL** ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff The Topline Corporation ("Topline") by and through its undersigned attorneys, avers and states as follows for its Complaint:

## STATEMENT OF THE CASE

1.      This is an action asserting claims for trademark infringement, unfair competition and unfair business practices under the federal Lanham Act, the common law and the laws of the State of Washington.

COMPLAINT ............................................. 1

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

**PARTIES**

2.      Plaintiff Topline is a Washington corporation, with a principal place of business at 13150 SE 32nd Street, Bellevue, Washington 98005. Topline was founded in 1980 and has grown to be a major supplier of women's footwear under brands including REPORT and FLIRT. Topline's women's shoes are sold by the major retailers such as Nordstrom, Macy's, Victoria's Secret and Kohl's, as well as small fashion boutiques.

3.      On information and belief, Defendant Rocky Brands Wholesale LLC is a Delaware limited liability company having a place of business at 39 East Canal Street, Nelsonville, Ohio 45764.

4.      On information and belief, Defendant Rocky Brands, Inc. is an Ohio corporation having a place of business at 39 East Canal Street, Nelsonville, Ohio 45764.

5.      On information and belief, Chuck's Boots, Inc. is a Missouri corporation having a place of business at 840 SW Blue Parkway, Lee's Summit, Missouri 64043.

6.      On information and belief, Drysdales Inc. is an Oklahoma corporation having a place of business at 1555 North 107th East Avenue, Tulsa, Oklahoma 74116.

7.      On information and belief, Preston's Western Wear is an Alabama corporation having a place of business at 1703 US Highway 72 East, Athens, Alabama 35611.

8.      On information and belief, Cowboy Kicks is an Alabama company having a place of business at 1703 US Highway 72 East, Athens, Alabama 35611.

9.      On information and belief, Lehigh Outfitters, LLC is an Delaware limited liability company having a place of business at 39 East Canal Street, Nelsonville, Ohio 45764.

**JURISDICTION AND VENUE**

10.      This action is brought under the federal Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the common law and statutory law of the State of Washington.

11.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 as well as 28 U.S.C. § 1367(a), which provides for supplemental jurisdiction over related state-law claims.

COMPLAINT  ...........................................................2

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

1        12.    Venue in this Court is proper in this district pursuant to 28 U.S.C. § 1391(a), in

2    that, on information and belief, a substantial part of the events or omissions giving rise to the

3    claims at issue herein occurred within this judicial district, and a substantial part of the injury to

4    the property and rights of Topline that is the subject of these claims occurred in this judicial

5    district, and the Defendants do business in this judicial district by marketing and selling

6    infringing FLIRT shoes in this district.

7
8    **PLAINTIFF TOPLINE AND ITS RIGHTS**

9        13.    Plaintiff Topline has been involved in the footwear industry since its incorporation

10   in 1980.

11       14.    Since as early as January, 15, 1997, Topline has used, and continues to use, the

12   mark FLIRT in connection with the marketing and sale of footwear.

13       15.    Topline is the owner of U.S. Trademark Registration No. 2,283,566 (the '566

14   Registration") for the mark FLIRT for "shoes" in International Class 25.  That registration is valid

15   and subsisting.  A copy of the Registration Certificate is attached hereto as Exhibit 1.

16       16.    Since 1997, Topline has conducted substantial business under and engaged in

17   substantial promotion of its FLIRT mark for women's footwear including boots and other

18   women's shoes.  As a result of Topline's use and promotion, its FLIRT mark has become known

19   to and recognized by relevant consumers as identifying quality footwear.  The FLIRT mark and

20   the goodwill associated therewith are valuable assets of Topline.

21
22   **DEFENDANTS AND ITS ACTIVITIES**

23       17.    Defendants Rocky Brands Wholesale LLC and Rocky Brands, Inc. (collectively,

24   "Rocky Brand Defendants") do business marketing and selling shoes, including women's boots.

25   Rocky Brand Defendants recently began using FLIRT and  "FLIRT with Durango" with "FLIRT"

26

1  portion emphasized, as its trademark for women's shoes, namely boots. Attached hereto as

2  Exhibit 2 are copies of photographs of footwear bearing the FLIRT mark.

3       18.     Rocky Brand Defendants began and continue use of their FLIRT marks with

4  knowledge of Topline's use and federal registration for FLIRT for shoes. to promote and sell the

5  same goods, *i.e.*, women's shoes.

6       19.     Rocky Brand Defendants' FLIRT shoes are sold to the same consumers as

7  Topline's FLIRT shoes.

8       20.     Rocky Brand Defendants' FLIRT shoes are available for sale in this judicial

9  district and elsewhere.

10      21.     Well after Plaintiff began use of the FLIRT mark and received the '566

11 Registration, Defendant Rocky Brands Wholesale LLC filed U.S. Trademark Application No.

12 77/667857 (the "'857 Application") on February 11, 2009 for "western boots."

13      22.     Rocky Brand Defendants knew or should have known of Topline's FLIRT

14 trademark when they filed the '857 Application and began using and decided to continue and

15 expand their use of the FLIRT mark for directly competing goods sold through the same channels

16 of trade. Further, Rocky Brand Defendants had constructive knowledge of Topline's rights in its

17 registered FLIRT trademark when they engaged in such activities.

18      23.     Defendant Chuck's Boots, Inc. is offering infringing FLIRT footwear for sale in

19 this district via its website at www.chucksbootsandleathers.com, and promoting its website to

20 consumers in this district on the www.DurangoBoot.com website retailer page, as shown on the

21 printout for Seattle retail outlets accompanying this Complaint as Exhibit 3.

22      24.     Defendant Drysdales Inc. is offering infringing FLIRT footwear for sale in this

23 district via its website at www.drysdales.com, and promoting its website to consumers in this

24 district on the www.DurangoBoot.com website retailer page. *See* Exhibit 3.

25      25.     Defendants Cowboy Kicks and Preston's Western Wear are offering infringing

26 FLIRT footwear for sale in this district via their website at http://www.cowboykicks.com, and

COMPLAINT ............................................................4

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

1   promoting their website to consumers in this district on the www.DurangoBoot.com website

2   retailer page. *See* Exhibit 3.

3         26.    Defendant Lehigh Outfitters, LLC is offering infringing FLIRT footwear for sale

4   in this district via its website at www.lehighoutfitters.com, and promoting its website to

5   consumers in this district on the www.DurangoBoot.com website retailer page. *See* Exhibit 3.

6

7                              **FIRST COUNT**

8         **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**

9         27.    Topline realleges and incorporates by reference the allegations of Paragraphs 1

10  through 25 of the Complaint as though fully set forth herein.

11        28.    Defendants' use of the FLIRT mark in connection with the sale and marketing of

12  shoes is likely to cause confusion and mistake and to deceive others into believing that

13  Defendants' footwear are sponsored by, approved by, or affiliated with Topline.

14        29.    Defendants' acts, as herein alleged, constitute infringement of Topline's registered

15  FLIRT mark under U.S.C. § 1114.

16        30.    Defendants have carried out these acts with knowledge of and in conscious

17  disregard of Topline's rights, making this an exceptional case within the meaning of 15 U.S.C.

18  § 1117.

19        31.    Topline has been, and will continue to be, damaged by Defendants' willful

20  trademark infringement in a manner and amount that cannot be fully measured or compensated in

21  economic terms, for which there is no adequate remedy at law.

22        32.    The actions of Defendants have damaged and will continue to damage Topline's

23  business, market, reputation, and goodwill, and may discourage current and potential customers

24  from dealing with Topline. Such irreparable damage will continue unless the acts of Defendants

25  are enjoined.

26

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

1    33.    Topline has been damaged by Defendants' actions in an amount to be proven at

2    trial.

3    **SECOND COUNT**

4    **FEDERAL FALSE DESIGNATION OF ORIGIN**

5    **AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125**

6    34.    Topline realleges and incorporates by reference the allegations of Paragraphs 1

7    through 32 of the Complaint as though fully set forth herein.

8    35.    Topline's FLIRT mark is a designation of origin that identifies Topline as the

9    exclusive source of its goods, and distinguishes Topline's goods from the goods of others in the

10   marketplace.

11   36.    Defendants' use of the FLIRT mark constitutes false designation of origin, false or

12   misleading description, and/or false or misleading representation. Defendants' use of a

13   confusingly similar variation of Topline's FLIRT mark is likely to cause confusion, mistake, or

14   deception of others as to the affiliation, connection, or association of Defendants with Topline and

15   vice versa. It is also likely to cause confusion, mistake, or deception as to the origin, sponsorship,

16   or approval of Defendants' shoes having the FLIRT mark.

17   37.    Such false designation, description, and/or representation constitutes unfair

18   competition and is an infringement of Topline's rights in its FLIRT mark in violation of § 43(a)

19   and (d) of the Lanham Act, 15 U.S.C. § 1125(a) and (d).

20   38.    Defendants had actual knowledge of Topline's rights in its FLIRT mark when

21   Defendants adopted the FLIRT mark for their own use. Defendants' false description, false

22   representation, and false designation of origin were knowing, willful, and deliberate, making this

23   an exceptional case within the meaning of 15 U.S.C. § 1117.

24   39.    Topline has been, and will continue to be, damaged by Defendants' false

25   description, false representation, false designation of origin, and other acts of unfair competition

26   in a manner and amount that cannot be fully measured or compensated in economic terms.

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

1    Defendants' actions have damaged, and will continue to damage, Topline's market, reputation,

2    and goodwill, and may discourage current and potential customers from dealing with Topline.

3    Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined.

4        40.    Topline has been damaged by Defendants' actions in an amount to be proven at

5    trial.

6

7                                    **THIRD COUNT**

8                    **COMMON LAW TRADEMARK INFRINGEMENT**

9        41.    Topline realleges and incorporates by reference the allegations set forth in

10    paragraphs 1 through 39 of the Complaint.

11        42.    Defendants' use of confusingly similar variations of Topline's FLIRT mark in

12    association with the sale of footwear is likely to cause confusion and mistake.  Such use of

13    Topline's trademark by Defendants, for example Defendants' use of the FLIRT mark in

14    connection with the sale of shoes, is likely to deceive others into believing that Defendants'

15    products are sponsored by, approved by, or affiliated with Topline.

16        43.    Defendants' acts, as above alleged, constitute infringement of Topline's trademark

17    rights in violation of the common law.

18        44.    Despite actual and/or constructive knowledge of Topline's rights, Defendants

19    initiated and, on information and belief, are continuing their acts of infringement.  Defendants

20    have carried out their acts of infringement in conscious disregard of Topline's rights.

21        45.    Topline has been and continues to be damaged in a manner that cannot be fully

22    measured or compensated in economic terms and for which there is no adequate remedy at law.

23    The actions of Defendants have damaged and will continue to damage Topline's market,

24    reputation, and goodwill.

25

26

COMPLAINT .............................................. 7

46.     Topline has been damaged by Defendants' actions in an amount to be proven at trial.

## FOURTH COUNT

### UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICE UNDER RCW 19.86.020

47.     Topline realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45 of this Complaint, as if set forth fully herein.

48.     Defendants' use of the FLIRT mark in connection with the promotion and sale of women's shoes, which infringes Topline's FLIRT trademark, constitutes an unfair method of competition in business and an unfair trade practice in business, which is damaging to the public interest in violation of the Washington Consumer Protection Act, RCW 19.86.020.

49.     Defendants' use of a mark that infringes Topline's trademark in connection with the marketing and sale of footwear has been and is knowing, willful, and deliberate, and constitutes fraudulent representation.

50.     Topline has been and will continue to be irreparably injured by reason of Defendants' unfair methods of competition and unfair trade practices in violation of the Washington Consumer Protection Act.  Such irreparable damage will continue unless the acts of Defendants are enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Topline respectfully prays for judgment against Defendants as follows:

1.     That Defendants, and their affiliates, officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be

1  preliminarily and permanently enjoined and restrained from using the FLIRT mark or any other

2  mark confusingly similar to Topline's FLIRT trademark, alone or in combination with other terms

3  or phrases.

4      2.    That Defendants, and their affiliates, officers, agents, servants, employees,

5  attorneys and all other persons in active concert or participation with any of them, be

6  preliminarily and permanently enjoined and restrained from all acts of false description and

7  representation and false designation of origin, and all acts of unfair competition, including the use

8  of the FLIRT mark or any other mark confusingly similar to Topline's FLIRT mark, alone or in

9  combination with other terms or phrases.

10      3.    That Defendants, and their affiliates, officers, agents, servants, employees,

11 attorneys and all other persons in active concert or participation with any of them, be

12 preliminarily and permanently enjoined and restrained from all manufacture, purchase,

13 promotion, sale, and use of any products, packaging, advertising, labels, websites or other sales or

14 shipping material that infringe Topline's FLIRT mark, and packaging, advertising, labels,

15 websites or other sales or shipping material having the FLIRT mark or any other mark

16 confusingly similar to Topline's FLIRT mark, alone or in combination with other terms or

17 phrases.

18      4.    That Defendants, and their affiliates, officers, agents, servants, employees,

19 attorneys and all other persons in active concert or participation with any of them, be ordered to

20 deliver to all products, packaging, advertising, labels, or other sales or shipping material in their

21 possession or control to Topline that infringe Topline's FLIRT mark, including products,

22 packaging, advertising, labels, or other sales or shipping material having the FLIRT mark or any

23 other mark confusingly similar to Topline's FLIRT mark, alone or in combination with other

24 terms or phrases.

25

26

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

COMPLAINT  ...........................................................9

1    5.    That Defendants, and their affiliates, officers, agents, servants, employees,

2    attorneys and all other persons in active concert or participation with any of them, be ordered to

3    withdraw and/or cancel all trademark, service mark, or any other type of trademark application

4    filed in the United States and elsewhere for the FLIRT mark or any other mark confusingly

5    similar to Topline's FLIRT mark, alone or in combination with other terms or phrases, including

6    but not limited to the '857 Application.

7    6.    That Defendants be directed to file with this Court and serve on Topline within

8    thirty (30) days after the service of an injunction a report in writing, under oath, setting forth in

9    detail the manner and form in which Defendants and their affiliates, officers, agents, servants,

10    employees, attorneys and all other persons in active concert or participation with any of them

11    have complied with the injunction.

12    7.    That Defendants be required to pay Topline such damages as Topline have

13    sustained, or will sustain, in consequence of Defendants' false description and representation,

14    false designation of origin, unfair competition and trademark infringement, and to account for all

15    gains, profits, and advantages derived by Defendants that are attributable to such unlawful acts;

16    and that such damages be trebled against Defendants, as provided by 15 U.S.C. § 1117, the

17    common law and the laws of the State of Washington.

18    8.    That the Court adjudge this to be an exceptional case and require Defendants to

19    pay over to Topline the costs of this action, including reasonable attorneys' fees and interest, and

20    treble damages as provided by 15 U.S.C. § 1117 and the laws of the State of Washington.

21    9.    That Defendants be ordered to pay Plaintiff prejudgment and postjudgment

22    interest on all sums allowed by law.

23    10.    That Plaintiff has such other and further relief as this Court may deem just and

24    proper.

25

26

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

COMPLAINT ........................................... 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## DEMAND FOR JURY TRIAL

Plaintiff Topline demands a trial by jury as to all issues so triable.

DATED this ___6th___ day of November, 2009, at Seattle, Washington.

Respectfully submitted,

SEED IP Law Group PLLC

William O. Ferron, Jr., WSBA #11831
BillF@SeedIP.com
Nathaniel E. Durrance, WSBA # 41,627
NathanD@SeedIP.com
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
Telephone: (206) 622-4900

Attorneys for Plaintiff
THE TOPLINE CORPORATION

1498730_1.DOC